# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:04-cr-00366-LDG (PAL) |
| v. | **ORDER** |
| STEVEN LLOYD LEE, | |
| Defendant. | |

The defendant, Steven Lloyd Lee, has moved to pursuant to Fed. R. Civ. Pro. 60 to correct his Pre-sentence Report so that it correctly reports his social security number (#47). Lee indicates that the social security number contained in his pre-sentence report contains a typographical error in one of the digits.  Lee indicates that the incorrect social security number, as reported in his pre-sentence report, was used by the Bureau of Prisons.  In particular, he indicates he has discovered the incorrect number was used on his General Education Diploma that he received following his participation in the Inmate Literacy Program.

The United States has filed a response (#49) indicating it does not oppose the motion, but it further indicates that it entrusts to the Court the decision whether the Court has the necessary authority to order such an amendment of the pre-sentence report.

Civil Rule of Procedure 60 does not provide the Court with the necessary authority to order Probation to correct the pre-sentence report.

In *United States v. Mackay*, 757 F.3d 195 (5th Cir. 2014), the Fifth Circuit determined that Fed. R. Crim. Pro. 36 did provide the necessary authority for a district court to order the correction of a pre-sentence report subsequent to the entry of judgment. In that case, the defendant was sentenced to 405 months of incarceration for conspiracy to distribute and possession with intent to distribute marijuana. However, the judgment and the pre-sentence report erroneously listed the offense as involving cocaine, rather than marijuana. Thirteen years after the judgment was entered, the defendant sought to correct both the judgment and the pre-sentence report. The district court corrected the judgment, but concluded it lacked the authority to order the correction of the pre-sentence report. The Fifth Circuit reversed, finding that Rule 36 allowed the district court to correct a pre-sentence report, and further finding that the error at issue was not harmless.

While Lee has indicated that the social security number contained in the pre-sentence report is used by the Bureau of Prisons when receiving an inmate, he has not identified any further impact that will result from a failure to correct the typographical error. Also absent from Lee's motion is any indication that the Bureau of Prisons is precluded from correcting its records to accurately reflect Lee's social security number absent the Court ordering Probation to correct the typographical error in his pre-sentence report. In contrast to *Mackay*, the defendant has not shown that the typographical error in his pre-sentence report is not harmless.

Nevertheless, Rule 36 specifically provides that the Court may correct a clerical error in a judgment, order, or other part of the record "[a]fter giving any notice it considers appropriate." As the United States has received notice of the specific error, and has indicated that it does not oppose the correction of that error in the pre-sentence report, the

1 | Court will grant the motion and direct the Probation Office to amend the pre-sentence
2 | report to accurately reflect the defendant's social security number.
3 |      Therefore, for good cause shown,
4 |      THE COURT **ORDERS** that Defendant's Motion to Correct Clerical Error (#47) is
5 | GRANTED;
6 |      THE COURT FURTHER **ORDERS** that the Probation Office shall amend the
7 | defendant's pre-sentence report to accurately reflect the defendant's social security
8 | number.

DATED this __18__ day of December, 2015.

_____
Lloyd D. George
United States District Judge